**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-1204**

───────────

KIMBERLY A. BOOKER, Individually and as personal representative of the estate of her deceased son, Alexander Lance Booker; ALPHONSO BOOKER, III, individually,

> Plaintiffs - Appellants,

> v.

PETERSON COMPANIES,

> Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:09-cv-02144-RWT)

───────────

Submitted:  January 13, 2011        Decided:  February 25, 2011

───────────

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Patrick M. Regan, REGAN, ZAMBRI & LONG, PLLC, Washington, D.C., for Appellants.  Ryan K. Bautz, ANDERSON, COE & KING, LLP, Baltimore, Maryland; Timothy F. Maloney, JOSEPH GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly A. Booker, individually and as a personal representative of the estate of her deceased son, Alexander L. Booker, and her husband, Alphonso Booker, III, appeal the district court's order granting Defendant Peterson Companies' ("Peterson") motion for judgment on the pleadings. We affirm.

We review "a district court's decision to grant judgment on the pleadings de novo, applying the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). We accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiffs below. Id. In order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007). It is undisputed that Maryland state law is applicable to this case.

2

In negligence actions under Maryland law, "the duty or standard of care owed to a person by an owner or occupier of land is determined by that person's purpose for being on the property." Wells v. Polland, 708 A.2d 34, 39 (Md. Ct. Spec. App. 1998). While the highest duty is owed to invitees, "a trespasser, even one of tender years, takes the property as he finds it and is owed no duty by the owner except that he may not be willfully or wantonly injured or entrapped by the owner once his presence is known." Fitzgerald v. Montgomery Cnty. Bd. of Educ., 336 A.2d 795, 797 (Md. Ct. Spec. App. 1975). This limitation of a landowner's liability to a trespasser "permits a person to use his own land in his own way, without the burden of watching for and protecting those who come there without permission or right." Wells, 708 A.2d at 40 (internal quotation marks omitted).

Here, Appellants concede that, at the time of the tragic accident that led to Alexander's death, Alexander was a trespasser onto Peterson's property. Accordingly, Peterson only owed him the duty to refrain from willfully or wantonly injuring or entrapping him once his presence became known. Though Appellants characterize the alteration of the ignition system of an all-terrain vehicle as willful and wanton behavior, such a characterization contravenes Maryland precedent. Under Maryland law, "[w]illful misconduct is performed with the actor's actual

3

knowledge or with what the law deems the equivalent to actual knowledge of the peril to be apprehended, coupled with a conscious failure to avert injury." Wells, 708 A.2d at 44. Similarly, "a wanton act is one performed with reckless indifference to its potential injurious consequences[; t]he term . . . generally denotes conduct that is extremely dangerous and outrageous, in reckless disregard for the rights of others." Id. (internal quotation marks and citation omitted). "A land owner does not have a duty to make the land safe for trespassers or to warn trespassers of any potential dangers that may lie therein." Id. at 45.

Appellants request this court to "bravely carve out an exception" to Maryland law due to the tragic circumstances of this case. The function of federal courts sitting in diversity, however, "is to ascertain and apply the law of a State as it exists [and] not [to] create or expand that State's public policy." St. Paul Fire & Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995). Therefore, we decline Appellants' invitation to rewrite Maryland law.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED